COWDEN v. COWDEN.

(Second Division. Nome. June 26, 1915.)

No. 2584.

DIVORCE ☞27(3)—HUSBAND AND WIFE.

    Plaintiff, the husband, brought suit for divorce upon the ground of "cruel and inhuman treatment calculated to impair health or endanger life." The evidence disclosed that the defendant treated the plaintiff with indifference and her domestic duties with neglect, and for many years grievously failed to perform her marital obligations, and has tested the plaintiff's patience and temper almost beyond endurance. These facts, however, do not constitute "cruel and inhuman treatment calculated to impair health or endanger life" of the husband. Divorce denied, and complaint dismissed.

T. M. Reed and J. Frawley, both of Nome, for plaintiff.

TUCKER, District Judge. While it appears from the evidence that the plaintiff treated the defendant with uniform kindness, patience, and consideration, and supplied her with all the necessaries of life as became persons in their condition of life, and that he has been at all times exceedingly patient and considerate of her, and kind to her, notwithstanding her indifference and neglect of her domestic duties, and that she has for many years grievously failed to perform her marital obligations, and has tested plaintiff's patience and temper almost beyond endurance, the evidence does not show; in my opinion, on the part of the defendant, that "cruel and inhuman treatment calculated to impair health or endanger life." Plaintiff's counsel has cited many California and Oregon cases on behalf of the plaintiff, all of which I have read, and many others, as well as the transcript of the testimony taken in the case. The statutes of those two states are quite different from the Alaska statutes, however. Under the California statute the ground for divorce for cruelty is the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage, and it has been held by the courts of that state that it is not necessary to show even an injurious effect on plaintiff's health. See Barnes v. Barnes, 95 Cal. 171, 30 Pac. 298, 16 L. R. A. 660; Kapp v. District Court of

Seventh Judicial District, 31 Nev. 444, 103 Pac. 235, and cases cited. The Code of Oregon declares, among other causes for divorce, "cruel and inhuman treatment or personal indignities rendering life burdensome." It will be seen, therefore, that the Alaska statute is far more restrictive in granting divorces for cruelty than either the Oregon or California statute. Under the Alaska statute, the court is not justified in decreeing a divorce unless the evidence shows, first, that the defendant's treatment of the plaintiff was cruel and inhuman; and, second, that it was "calculated to impair his health or endanger his life." And I am of opinion, after a careful consideration of the evidence in this case, that it does not show either cruel and inhuman treatment, or that the health of the defendant has seriously been affected or his life endangered; and I am therefore of opinion that a divorce should be denied the plaintiff, and the complaint dismissed.